E-FILED
Monday, 05 October, 2026 02:47:03 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **BRADLEY SIMMONS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01340-SEM** |
| | ) | |
| **WILLIAM A. YODER *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Reconsideration (Doc. 6) filed by Plaintiff Bradley Simmons, who resides at Chester Mental Health Center (“CMHC”), which is managed by the Illinois Department of Human Services (“IDHS”).

Plaintiff’s Motion for Reconsideration is granted, but Plaintiff’s pleading fails to state a claim for relief.

## I. RECONSIDERATION

On August 31, 2026, the Court dismissed Plaintiff’s case because he did not pay the filing fee or petition the Court to proceed *in forma pauperis* as directed.

In his Motion for Reconsideration, Plaintiff explains that he attempted to pay the filing fee but could not because he did not

contact the IDHS official responsible for effecting payment. Plaintiff has since paid the filing fee in full.

Accordingly, Plaintiff's Motion for Reconsideration is granted. The Clerk of the Court is directed to reopen Plaintiff's case.

## II. COMPLAINT

### A. Screening

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation

omitted).

### B. Facts Alleged

Plaintiff names McLean County Circuit Judge William A. Yoder, McLean County, and CMHC as Defendants.

Plaintiff's facts allege the following: "Judge, defense counsel, and psychiatrist are assuming powers specifically assigned to the jury." (Doc. 1 at 5.)

### C. Analysis

"Rule 8 specifies what is required in the complaint: 'A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief ....'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Fed. R. Civ. P.8(a)). Thus, "[t]o state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.'" *Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's facts, which are stated in a single conclusory sentence that the alleged individuals are assuming the role of the jury, are insufficient to state a claim for relief. Accordingly, the Court dismisses Plaintiff's amended complaint. However, the Court grants Plaintiff leave to file an amended complaint and provides the following guidance if he files an amendment.

The amended pleading must contain a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court does not accept piecemeal amendments. Plaintiff's Amended Complaint must stand independently without reference to his initial filing and contain all claims against all defendants. In other words, Plaintiff's amended pleading must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible

for the deprivation of a constitutional right.”).

Plaintiff’s initial pleading identifies McLean County Circuit Judge Yoder, but judges are entitled to absolute immunity when acting within the scope of their respective legal responsibilities. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (“A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction.”).

“Section 1983 only permits an individual to sue a ‘person’ who deprives that individual of his or her federally-guaranteed rights under color of state law.” *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014); *see also White v. Knight*, 710 F. App’x 260, 262 (7th Cir. 2018) (“[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983.”).

“[A] public defender does not act under color of state law when performing a lawyer’s traditional functions as counsel to a defendant in a criminal proceeding.” *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). To the extent Plaintiff is attempting to sue his defense counsel, Plaintiff cannot do so under § 1983, unless certain exceptions to the immunity afforded public defenders are pleaded.

Additionally, Plaintiff does not state a plausible claim against CMHC because it is not considered a person under § 1983.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Reconsideration (Doc. 6) is GRANTED.**

2) **The Clerk of the Court is DIRECTED to reopen Plaintiff's case.**

3) **The Court DISMISSES Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915A(b)(1) for failure to state a federal claim on which relief may be granted.**

4) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not file an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 5, 2026.

s/ *Sue E. Myerscough*

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE